JUSTICE WEBER
concurs and dissents as follows:
I agree with the analysis of the majority up to the point of its application of § 35-10-301(1), MCA, which provides in pertinent part:
Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument... binds the partnership unless the partner so acting has in fact no authority to act... and the person with whom he is dealing has knowledge of the fact that he has no such authority. (Emphasis supplied.)
While I agree with the District Court determination that Bowers in fact had no authority to enter the loan transaction on the partnership’s behalf, I do not find a factual basis to conclude that the S & L knew of that lack of authority. Even though Bowers did not have authority to execute the documents, his action could bind the partnership if the S & L did not know of his lack of authority. As stated in the majority opinion:
A partner can still bind the partnership to an unauthorized transaction if all of the other partners ratified the loan either explicitly or by knowingly receiving or retaining benefits of the unauthorized loan transaction. ...
There are no facts in the summary judgment record before us to demonstrate whether or not Schrammeck knowingly received and retained the benefits of this unauthorized loan transaction.
The majority points out that the record does not indicate what became of the money and concludes there is not sufficient evidence *403 to determine whether Schrammeck did knowingly retain the benefits of the loan. This appeal is from a summary judgment determination by the District Court. I conclude there is an issue of material fact on whether or not Schrammeck knowingly received or retained the benefits of the unauthorized loan transaction. I therefore conclude that summary judgment is inappropriate and that this matter should be remanded for determination of that issue of material fact.
The majority points out that Schrammeck became the successor in interest of both the other partners by reason of their conveyance to him of all of their interest. As a result, Schrammeck became the record owner of the property subject to the loan transaction. It then becomes essential to determine if Schrammeck knowingly retained the benefits of the loan transaction.
The next issue of fact is whether or not the S & L actually knew that Bowers did not have authority to enter into the loan transaction. This issue is raised by the last sentence of § 35-10-301(1), MCA, as above quoted. The majority points out that Schrammeck’s lis pendens gave notice that he had filed an action to dissolve and wind up the partnership, and points out that he subsequently prevailed in that action. While all parties are bound by the ultimate determination in the action in which the lis pendens was given, that determination does not establish that the S & L had knowledge of any lack of authority at the time the instruments were executed.
The majority concludes that the S & L actually “knew Bowers did not have authority to execute the loan documents.” This conclusion is based upon Prather’s statements that if Schrammeck was a partner, his express consent would have been required and his signature on the various loan documents would have been required, as well as the further statement by Prather that the S & L would not make the loan because of the lis pendens. However, those statements by Prather are not an adequate basis for the following conclusion of the majority:
Thus, the S & L knew that Bowers did not have authority to execute the loan documents on behalf of the partnership.
The statements by loan officer Prather only demonstrate that as a matter of loan policy, Schrammeck would have been required to execute the documents if, in fact, he were a partner.
The majority next concludes the S & L knew that Bowers did not have authority to execute the loan documents, and as a result, the trust indenture failed to pass any interest in the described property. There is no evidence in the summary judgment record which demon *404 strates the S & L actually knew Bowers did not have authority at the time of the execution of the loan documents. As a result, there is no factual basis from which a court may conclude whether or not Bowers could bind the partnership to the unauthorized transaction because other partners ratified by knowingly receiving or retaining benefits of the loan transaction.
For the foregoing reasons, I conclude it was improper to affirm the summary judgment decision. Justice requires a remand for determination of the material facts. Upon remand, after a factual determination as to whether Schrammeck knowingly received and retained the benefits of the entire loan transaction, the District Court could properly decide if Schrammeck is bound by the provisions of § 35-10-301(1), MCA.
I would remand for determination by the District Court of the issues of material fact.